CULPEPPER, Judge.
Plaintiff seeks damages for personal injuries received in an intersectional collision. From an adverse judgment, plaintiff appeals.
The issues are factual. Plaintiff contends she had pre-empted the intersection and was struck by defendant, who either pulled out from a curb or drove through the intersection. Defendant’s version of the facts is that both vehicles were proceeding in the same direction on the same street; and that defendant turned left and struck plaintiff’s vehicle which was unlawfully passing in the intersection.
The accident occurred at the intersection of South Seventh Street, which runs north and south, and West Lula Street, which runs east and west, in the city of Leesville, Louisiana. There is no dispute that plaintiff was driving east on West Lula Street and that, as she crossed the intersection, the right side of her vehicle was struck by the left front of the automobile being driven by the defendant motorist, Mrs. Richard Pollard.
Plaintiff testified she did not see defendant’s vehicle before it struck her and that she actually did not know where it came from. She explained: “It looked as though it came from, if it was parked on the side and pulling out from the curb, or if it came out of south 7th, I couldn’t say because I don’t know. I saw the car and about the same time I saw the left front of the car I felt the impact.”
Both Mrs. Pollard, and her husband who was a passenger on the front seat, testified that both vehicles were proceeding in an easterly direction on West Lula Street; that Mrs. Pollard gave a left turn signal and started to turn left onto Seventh Street; that plaintiff was passing them in the intersection and they struck plaintiff’s vehicle.
It is obvious that the trial judge accepted defendant’s version of the facts rather than that given by plaintiff and her two small children, who were passengers. The principal question is the credibility of the witnesses, and we certainly can find no manifest error in the trial judge’s evaluation thereof.
 The law is clear that passing at an intersection of two public highways constitutes negligence. LSA-R.S. 32:76, subd. A. (2); Normand v. American Home Assurance Company, La.App., 171 So.2d 804 (3rd Cir. 1965). Hence, pretermitting the issue of defendant’s negligence, plaintiff’s recovery is barred by her own contributory negligence, which was properly pleaded.
Plaintiff stresses the argument Mrs. Pollard admitted at the scene, immediately after the accident, that she was at fault. However, Mrs. Pollard explained in her testimony at the trial she did not realize at the time it is unlawful to pass at an inter *776 section. When later advised of this statutory rule, she decided that plaintiff was at fault.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.